IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**THOMAS L. WINDHAM, SR., MD,**     **PLAINTIFFS**
**R.TAYLOR WINDHAM, NORTH**
**MISSISSIPPI SPINE CENTER, INC.,**
**AND MID-SOUTH BUSINESS**
**ASSOCIATES, LLC**

**V.**     **NO. 3:14-CV-00087-DMB-SAA**

**MECHANICS BANK**     **DEFENDANT**

## ORDER OF REFERRAL

Before the Court is Defendant Mechanics Bank's motion to refer this action to bankruptcy court. Doc. #13. Upon due consideration of the motion, response, exhibits, and relevant authority, the Court finds that the motion should be granted.

## Background

This case arises from a check-kiting scheme perpetrated against Plaintiffs by two non-party individuals, which scheme was allegedly facilitated by Mechanics Bank and several non-party banking institutions. Plaintiffs initiated suit against Mechanics Bank in the Chancery Court of Lafayette County, Mississippi, on March 18, 2014. Doc. #1-1 at 2. Plaintiffs allege that as a part of the check-kiting scheme, the two non-party individuals funneled over one-hundred million dollars through certain accounts at Mechanics Bank and fraudulently executed various "[l]oan documents which purport to obligate the Plaintiffs [but] were not executed by the Plaintiffs." Doc. #2 at ¶¶ 3–4. Based on these allegations, Plaintiffs assert an array of state and federal claims against Mechanics Bank, ranging from conspiracy to defraud to racketeering under 18 U.S.C. § 1014, for which Plaintiffs seek a damages award. *See* Doc. #28 at ¶ 1.

On April 21, 2014, Plaintiffs Thomas L. Windham, Sr., MD; Mid-South Business Associates, LLC; and North Mississippi Spine Center, Inc., each filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Mississippi.[1] About two weeks later, on May 4, 2014, Plaintiff R. Taylor Windham filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Mississippi.[2] Mechanics Bank removed the Chancery Court case to this court on April 22, 2014, asserting this Court has jurisdiction based on Title 28 U.S.C. §§ 1331, 1334, 1337, and 1367. Doc. #1.

Mechanics Bank now moves to refer this action to the United States Bankruptcy Court for the Northern District of Mississippi. Doc. #13. It first argues that referral is warranted because:

> The subject matter of this Action is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (B), (C), (K) and (O) because the Action involves: (a) matters concerning the administration of the bankruptcy estate [28 U.S.C. § 157(b)(2)(A)]; (b) the allowance or disallowance of claims against the bankruptcy estate [28 U.S.C. § 157(b)(2)(B)]; (C) counterclaims by the bankruptcy estate against persons filing claims against the bankruptcy estate [28 U.S.C. § 157(b)(2)(C)]4; (d) determinations of the validity, extent, or priority of liens [28 U.S.C. § 157(b)(2)(K)]; and other proceedings affecting the liquidation of assets of the bankruptcy estate or the adjustment of the debtor-creditor relationship [28 U.S.C. § 157(b)(2)(O)], all of which are statutory core proceedings. Additionally, the Action constitutes an adversary proceeding within the Bankruptcy Case pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

*Id.* at ¶ 4. Mechanics Bank also argues, in the alternative, that "if the Court determines that the Action is a non-core proceeding or a 'Stern issue' proceeding, then the Court should [still] refer the matter to the Bankruptcy Court for it to issue findings of fact and conclusions of law for this Court to review de novo and to then enter final judgment as appropriate under 28 U.S.C. § 157 (c)(1)." *Id.* at ¶ 20.

---

[1] *See* Bankruptcy Case No. 1:14-bk-11544-JDW; Case No. 1:14-bk-11546-JDW; Case No. 1:14-bk-11547-JDW, respectively.

[2] *See* Bankruptcy Case No. 1:14-bk-11728-JDW.

The motion to refer is opposed by Plaintiffs, who argue that referral of this matter to the Bankruptcy Court is inappropriate because it involves "claims … [that] are not core proceedings," and "because only the Article III District Court has the Constitutional power to hear damage claims in which the Plaintiffs exercise the Article VII[] Constitutional right to a jury trial." Doc. #25 at ¶ 18; Doc. #26 at 2.

## Bankruptcy Jurisdiction under 28 U.S.C. § 1334

Federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334(b); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 994 (5th Cir. 1985). "To determine bankruptcy jurisdiction, it is unnecessary to distinguish between [proceedings arising under, arising in a case under, or related to a case under title 11]; it is only necessary to determine whether a matter is at least 'related to' the bankruptcy." *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782 (E.D. Tex. 2001) (citations omitted). "Federal courts have related to subject matter jurisdiction over litigation arising from a bankruptcy case if the proceeding could conceivably affect the estate being administered in bankruptcy." *In re KSRP, Ltd.*, __ F.3d __, 2015 WL 9022040, at *2 (5th Cir. Dec. 15, 2015) (internal quotation marks and citation omitted); *see also Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 575 (S.D. Miss. 2001) ("Generally, a proceeding is related to a bankruptcy case if the proceeding could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding possibly could have an impact on the estate being administered in bankruptcy.") (internal quotation marks and citation omitted). "'Related to' jurisdiction includes any litigation where the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *In re KSRP,*

*Ltd.*, 2015 WL 9022040, at *2 (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010)).

There does not appear to be any dispute that this proceeding, for jurisdictional purposes, at least relates to the bankruptcy matters currently pending in the bankruptcy court. Indeed, Plaintiffs have not sought to remand this matter back to state court or otherwise challenge the existence of bankruptcy jurisdiction. Any such challenge would be unsuccessful. Plaintiffs clearly allege in the complaint:

> This suit is to declare the loans containing the forged signatures to be void and the subsequent renewals void, to award damages to recoup payments made by the Plaintiffs on those loans, to set-off any obligation the Plaintiffs have incurred as a result of Mechanics Bank's actions, representations, participation and concealment.

*Id.* at ¶ 4. This type of relief, if awarded, could conceivably affect Plaintiffs' bankruptcy cases. The voiding of any loans, or alteration to the terms of the loans, would necessarily alter Plaintiffs' rights and liabilities on those loans. Similarly, the award of monetary damages, whether in the form of "recoup payments" or a set-off, "may have the effect of either reducing or enlarging the property of the bankruptcy estate[s]." *Broyles*, 266 B.R. at 782. For these reasons, the Court finds this action is at least 'related to' Plaintiffs' bankruptcy cases. *Id*. Therefore, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1334.

The Court now turns to the instant referral motion.

## **Motion to Refer**

"'Each district court may provide that 'any or all' bankruptcy cases and related proceedings 'shall be referred to the bankruptcy judges for the district.'" *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015) (quoting 28 U.S.C. § 157(a)). Although "the district courts' power to refer is discretionary, [district] courts routinely refer most bankruptcy cases to

the bankruptcy court." *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 253–54 (3d Cir. 2007) (alteration and citation omitted). "Standing orders of reference (providing for reference of all cases and proceedings as opposed to a case-by-case reference) have accordingly been entered by all or virtually all the district courts, including this court."[3] *Oxford Expositions, LLC v. Questex Media Grp., LLC*, No. 3:10-CV-00095, 2011 WL 1135354, at *2 (N.D. Miss. Mar. 25, 2011). Thus, where this Court's bankruptcy jurisdiction has been established, the matter should be referred to the Bankruptcy Court absent a compelling reason against referral.

In opposing referral, Plaintiffs first argue that a referral to the bankruptcy court is inappropriate because this action involves "claims … [that] are not core proceedings." Doc. #25 at ¶ 18. This argument is disputed, as Mechanics Bank contends in its notice of removal and motion to refer that this action is a core proceeding.[4] Doc. #1 at ¶ 4; Doc. #13 at ¶ 4.

"A core proceeding is one that invokes a substantive right provided by Title 11 [of] the Bankruptcy Code or is a proceeding that by its nature could arise only in the context of a bankruptcy case." *In re S. White Transp., Inc.*, 473 B.R. 695, 699 (S.D. Miss. 2012), *aff'd*, 725 F.3d 494 (5th Cir. 2013) (internal quotation marks, alterations, and citation omitted). A non-core proceeding is one that "does not invoke a substantive right created by the federal bankruptcy law and … that could exist outside of bankruptcy." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (citation omitted).

Bankruptcy courts are empowered to "hear and determine" core proceedings and to "enter appropriate orders and judgments," subject to appellate review by the district court. 28 U.S.C. § 157(b)(1); *see* 28 U.S.C. § 158. But, Congress gave bankruptcy courts more limited

---

[3] *See* Order of Reference dated August 6, 1984, and entered on August 13, 1984, but effective nunc pro tunc as of June 27, 1984.

[4] Mechanics Bank bolsters its argument by contending that Plaintiffs admitted in related litigation that similar claims, involving the same nucleus of facts, are core proceedings. Doc. #13 at ¶¶ 8–10.

5

authority in non-core proceedings—they may "hear and determine" such proceedings, and "enter appropriate orders and judgments," only "with the consent of all the parties to the proceeding." 28 U.S.C. § 157(c)(2). Bankruptcy judges have statutory authority to render final judgments in non-core proceedings when all parties consent pursuant to 28 U.S.C. § 157(c)(2), and more recently, the United States Supreme Court held it is also constitutional for bankruptcy judges to enter final decisions in such instances when all parties consent. *See Wellness Int'l Network*, 135 S. Ct. at 1944-45, 1949. Absent consent, bankruptcy courts in non-core proceedings may only "submit proposed findings of fact and conclusions of law," which the district courts review de novo. 28 U.S.C. § 157(c)(1).

"It is the bankruptcy court's responsibility to determine whether each claim before it is core or non-core." *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2171 (2014) (citing 28 U.S.C. § 157(b)(3)). A bankruptcy court is thus not only equipped to handle core and non-core proceedings, it is specifically tasked with determining whether the claims asserted are core or non-core. Consequently, for purposes of deciding this motion to refer to the bankruptcy court, the Court need not rule on the parties' dispute over whether this action is a core or non-core proceeding. *See Oxford Expositions,* 2011 WL 1135354, at *3 (declining to rule on "parties' dispute over whether this is a core or non-core proceeding" and referring matter "to the bankruptcy court where the bankruptcy judge, … 'shall' decide whether the proceedings are core versus non-core") (collecting cases).

Of course, if a bankruptcy court later determines that a requested action or any requested relief is beyond its authority, it may enter "[a] recommendation for withdrawal of the reference … to the district court that originally conferred [it] jurisdiction." *Centrust Sav. Bank v. Love*, 131 B.R. 64, 66 (S.D. Tex. 1991) (internal citations omitted). Likewise, "'[t]he district court

may withdraw" a reference to the bankruptcy court 'on its own motion or on timely motion of any party, for cause shown.'" *Wellness Int'l Network*, 135 S. Ct. at 1939 (quoting 28 U.S.C. § 157(d)). Thus, Plaintiffs' argument that the claims in this action are non-core does not preclude the Court from referring this case to the Bankruptcy Court because the Bankruptcy Court may properly determine that issue.

Plaintiffs' remaining argument regarding their right to a jury trial is typically urged in the context of a motion to withdraw the reference. This is so because whether a party has a right to a jury trial and has not consented to jury trial in the bankruptcy court are among the factors a district court should consider when determining if cause exists to withdraw its reference to the bankruptcy court. *See Kingdom Fresh Produce, Inc. v. Delta Produce, LP*, No. 5:14-MC-899-DAE, 2015 WL 869240, at *3 (W.D. Tex. Feb. 27, 2015) (citing *Holland Am. Ins. Co.*, 777 F.2d at 999) (explaining court should consider "whether a party has demanded a jury trial"); *In re Paige*, No. 04-20147-RLJ-7, 2007 WL 4530807, at *1 (N.D. Tex. Dec. 19, 2007) ("If one party does not consent, then a party will need to move the district court to withdraw its reference of the case so the jury trial can be conducted in the district court.") (citation omitted).

However, "the existence of a jury demand does not mandate immediate withdrawal of the reference" because "it may better serve judicial economy ... for the bankruptcy court to resolve pre-trial matters." *In re OCA, Inc.*, No. 06–3811, 2006 WL 4029578, at *5 (E.D. La. Sept. 19, 2006); *In re Paige*, 2007 WL 4530807, at *6 ("Where the final disposition of a cause of action does not rest on the determination of disputed facts–that is, where it is amenable to summary adjudication under Rule 12(b)(6) or Rule 56–the Seventh Amendment right to jury trial does not even come into play.") (citation omitted). "Furthermore, a number of courts have held that even if a party does have a right to a jury trial, a motion to withdraw is premature until such time as it

7

is determined that a jury trial must be conducted." *Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh*, 516 B.R. 850, 855 (E.D. La. 2014) (collecting cases) (alteration and internal quotation marks omitted). In other words, there are many pre-trial matters that a bankruptcy court may handle before withdrawal of the reference becomes appropriate, including matters such as Mechanics Bank's pending motion to dismiss in this case, *see* Doc. #15.

Considering this authority, Plaintiffs' jury trial argument is at this time both premature and unpersuasive. *See Post Confirmation Bd. of Wadleigh Energy Grp.*, 516 B.R. at 855 ("The litigation has barely moved past the pleading stage, and the Court is unable to determine with any reasonable certainty at this early stage of the litigation whether a jury trial must be conducted. Accordingly, the motion to withdraw the reference will not be granted solely on the ground that a jury has been requested.").

Because at this stage, none of Plaintiffs' arguments present a compelling reason not to refer this case to the Bankruptcy Court, the Court finds that Mechanics Bank's motion to refer this case to the Bankruptcy Court should be granted.

## Conclusion

For the reasons above, Mechanics Bank's motion [13] to refer is **GRANTED**, and this case is hereby **REFERRED** to the United States Bankruptcy Court for the Northern District of Mississippi.

**SO ORDERED**, this 12th day of January, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**